IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| MELVIN STEIB, #195252, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CASE NO.: 1:16-CV-563-WKW |
| | ) | |
| KEITH REED, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## **RECOMMENDATION OF THE MAGISTRATE JUDGE**

### I. INTRODUCTION

This 42 U.S.C. § 1983 action is pending before the court on a complaint filed by Melvin Steib ("Steib"), a state inmate who identifies himself as a Muslim, on July 7, 2016.[1] In this complaint, Steib challenges the constitutionality of the trimming of his beard during a prior stint of incarceration at the Houston County Jail.[2] Specifically, Steib alleges that jail personnel required him to trim his beard to a quarter-inch in length when the decision issued in *Holt v. Hobbs*, 135 S. Ct. 853 (2015), permits him to grow a half-inch beard.

The defendants filed a special report and supporting evidentiary materials addressing Steib's claim for relief. In these filings, the defendants argue that this case is due to be dismissed because, prior to filing this cause of action, Steib failed to exhaust an

---

[1] Steib executed the complaint on July 7, 2016, Doc. 1 at 4, and this is the earliest date he could have placed the complaint in the jail's mail system. A *pro se* inmate's complaint is deemed filed on the date it is delivered to prison officials for mailing. *Houston v. Lack,* 487 U.S. 266, 271–72 (1988); *Adams v. United States*, 173 F.3d 1339, 1340–41 (11th Cir. 1999); *Garvey v. Vaughn*, 993 F.2d 776, 780 (11th Cir. 1993). Thus, the court considers July 7, 2016 to be the date of filing.

[2] It is undisputed that Steib did not disclose a religious preference when he entered the Houston County Jail from the Draper Correctional Facility on March 25, 2016. Doc. 20-9 at 2.

administrative remedy available to him at the Houston County Jail with respect to the claim presented in the complaint. Doc. 20 at 7–9. Although the defendants concede that Steib submitted two inmate requests to the chaplain on April 28, 2016 and May 5, 2015, in which he requested information on whether the chaplain and jail personnel were aware of the decision in *Holt*, they argue that Steib failed to file a grievance or request challenging the action of the officers in trimming his beard. Additionally, the defendants contend that even if the requests to the chaplain could be considered as an initiation of the grievance process, Steib failed to appeal either response provided to him by the chaplain.[3] The time for filing a grievance (three days from the date of the incident made the basis of the grievance) and the time for filing an appeal of the responses to his requests to the chaplain (three days from the date Steib received each of the chaplain's responses), thus expired prior to initiation of this case—and Steib failed to exhaust his remedies and cannot now undertake any action which would permit him to do so.

Upon receipt of the defendants' special report, the court issued an order providing Steib an opportunity to file a response to the report in which the court specifically directed Steib to address "the defendants' argument[] that . . . [h]is claims are due to be dismissed because he failed to exhaust his available administrative remedies as required by 42 U.S.C. § 1997e(a)" prior to filing this federal civil action. Doc. 21 at 1 (footnote omitted). The order also advised Steib that his response should be supported by affidavits or statements

---

[3] The chaplain responded to Steib's requests for information on May 2, 2016 and May 5, 2016, respectively.

made under penalty of perjury or other appropriate evidentiary materials. Doc. 21 at 3. In addition, the order cautioned Steib that unless "<u>sufficient legal cause</u>" is shown within ten days of entry of this order "why such action should not be undertaken, the court may at any time [after expiration of the time for his filing a response] and <u>without further notice to the parties</u> (1) treat the special report and any supporting evidentiary materials as a motion to dismiss and/or motion for summary judgment, and (2) after considering any response as allowed by this order, rule on the motion in accordance with the law." Doc. 21 at 4 (footnote omitted). Steib filed no response to this order within the time prescribed by the court.

Pursuant to the aforementioned order, the court deems it appropriate to treat the special report filed by the defendants as a motion to dismiss with respect to the exhaustion defense. Thus, this case is now pending on the defendants' motion to dismiss. *Bryant v. Rich*, 530 F.3d 1368, 1374–75 (11th Cir. 2008) (internal quotations omitted) ("[A]n exhaustion defense . . . is not ordinarily the proper subject for a summary judgment [motion]; instead, it should be raised in a motion to dismiss, or be treated as such if raised in a motion for summary judgment."); *Trias v. Fla. Dept. of Corrs.*, 587 F. App'x 531, 534 (11th Cir. 2014) (holding that the district court properly construed Defendant's "motion for summary judgment as a motion to dismiss for failure to exhaust administrative remedies[.]").

## II.  STANDARD OF REVIEW

In addressing the requirements of 42 U.S.C. § 1997e as to exhaustion, the Eleventh

Circuit has

> recognized that [t]he plain language of th[is] statute makes exhaustion a precondition to filing an action in federal court. This means that until such administrative remedies as are available are exhausted, a prisoner is precluded from filing suit in federal court.

*Leal v. Georgia Dept. of Corrs.*, 254 F.3d 1276, 1279 (11th Cir. 2001) (citations and internal quotations omitted). Furthermore, the law is well-settled that "the question of exhaustion under the PLRA [is] a 'threshold matter' that [federal courts must] address before considering the merits of the case," and that cannot be waived. *Myles v. Miami-Dade Cnty. Corr. & Rehab. Dept.*, 476 F. App'x 364, 366 (11th Cir. 2012) (quoting *Chandler v. Crosby*, 379 F.3d 1278, 1286 (11th Cir. 2004)).

> When deciding whether a prisoner has exhausted his remedies, the court should first consider the plaintiff's and the defendants' versions of the facts, and if they conflict, take the plaintiff's version of the facts as true. If in that light, the defendant is entitled to have the complaint dismissed for failure to exhaust administrative remedies, it must be dismissed. If the complaint is not subject to dismissal at this step, then the court should make specific findings in order to resolve the disputed factual issues related to exhaustion.

*Myles*, 476 F. App'x at 366 (citations and internal quotations omitted). Consequently, a district court "may resolve disputed factual issues where necessary to the disposition of a motion to dismiss for failure to exhaust [without a hearing]. The judge properly may consider facts outside of the pleadings to resolve a factual dispute as to exhaustion where doing so does not decide the merits, and the parties have a sufficient opportunity to develop the record." *Trias*, 587 F. App'x at 535. Based on the foregoing, the Eleventh Circuit has rejected an inmate-plaintiff's argument that "disputed facts as to exhaustion should be

decided" only after a trial either before a jury or judge. *Id*. at 534.

Upon review of the complaint, the defendants' special report and the undisputed evidentiary materials filed in support thereof, the court concludes that the defendants' motion to dismiss is due to be granted.

### III. DISCUSSION

Steib challenges an action that occurred during his prior incarceration at the Houston County Jail. In response to the complaint, the defendants assert that this case is subject to dismissal because Steib failed to exhaust the administrative remedy provided at the jail prior to filing the instant complaint as required by the Prison Litigation Reform Act, 42 U.S.C. § 1997e(a).

The Prison Litigation Reform Act compels exhaustion of available administrative remedies before a prisoner can seek relief in federal court on a § 1983 complaint. Specifically, 42 U.S.C. § 1997e(a) states that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." Therefore, the Supreme Court has held that "Congress has provided in § 1997e(a) that an inmate must exhaust irrespective of the forms of relief sought and offered through administrative remedies." *Booth v. Churner*, 532 U.S. 731, 741 n.6 (2001). "[T]he PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they

allege excessive force or some other wrong." *Porter v. Nussle*, 534 U.S. 516, 532 (2002). Exhaustion of all available administrative remedies is a precondition to litigation and a federal court cannot waive the exhaustion requirement. *Booth*, 532 U.S. at 741; *Alexander v. Hawk*, 159 F.3d 1321, 1325 (11th Cir. 1998); *Woodford v. Ngo*, 548 U.S. 81 (2006). Moreover, "the PLRA exhaustion requirement requires proper exhaustion." *Woodford*, 548 U.S. at 93. And proper exhaustion

> demands compliance with an agency's deadlines and other critical procedural rules [as a precondition to filing suit in federal court] because no adjudicative system can function effectively without imposing some orderly structure on the courts of its proceedings. . . . Construing § 1997e(a) to require proper exhaustion . . . fits with the general scheme of the PLRA, whereas [a contrary] interpretation [allowing an inmate to bring suit in federal court once administrative remedies are no longer available] would turn that provision into a largely useless appendage.

*Woodford*, 548 U.S. at 90–93. The Supreme Court reasoned that because proper exhaustion of administrative remedies is necessary an inmate cannot "satisfy the Prison Litigation Reform Act's exhaustion requirement . . . by filing an untimely or otherwise procedurally defective administrative grievance or appeal[,]" or by effectively bypassing the administrative process simply by waiting until the grievance procedure is no longer available to him." *Id*. at 83–84; *Bryant*, 530 F.3d at 1378 (holding that prisoners must "properly take each step within the administrative process" to exhaust administrative remedies in accordance with the PLRA); *Johnson v. Meadows*, 418 F.3d 1152, 1157 (11th Cir. 2005) (holding that an inmate who files an untimely grievance or simply spurns the administrative process until it is no longer available fails to satisfy the exhaustion

requirement of the PLRA); *Higginbottom v. Carter*, 223 F.3d 1259, 1261 (11th Cir. 2000) (holding that inmate's belief that administrative procedures are futile or needless does not excuse the exhaustion requirement). "The only facts pertinent to determining whether a prisoner has satisfied the PLRA's exhaustion requirement are those that existed when he filed his original complaint." *Smith v. Terry*, 491 F. App'x 81, 83 (11th Cir. 2012) (per curiam).

It is undisputed that at all times relevant to this case the Houston County Jail provided an administrative remedy for inmate complaints in the form of an inmate grievance procedure. The grievance procedure in effect at the time of Steib's incarceration allows an inmate to submit grievances to jail personnel with respect to matters or conditions occurring at the detention facility. The grievance procedure provides as follows:

> 1. If an inmate has a grievance, they may complete a grievance using the pod kiosk. Grievances are by individual inmate only. If more than one inmate has the same grievance, each inmate must submit their own grievance. Inmates may only submit one grievance per day.
>
> 2. Complete the grievance providing as much detail as possible in the space provided for the inmate. Each grievance may only address one issue and the grievance cannot contain cuss words or any disparaging comments about any person. The grievance must be submitted within three days of the event that is the basis of the grievance. The inmate shall state in their grievance the details and the date of the event made the basis of the grievance. Grievances that do not conform to policy are returned without the grievance issue being addressed.
>
> 3. The Grievance Deputy has 15 days to investigate and answer the grievance.

> 4. If the inmate is not satisfied with the response to the grievance, the inmate may appeal the decision using a grievance appeal form. An appeal form may be obtained by asking sheriff's office personnel for an appeal form. The completed grievance appeal form shall be placed in the secure box. The appeal must be submitted within 3 days of the date the inmate is notified of the initial decision. The sheriff's office member hearing the appeal will have 30 days to answer the appeal.
>
> 5. If an inmate is dissatisfied with the response to an appeal, they may repeat the appeal procedure as detailed in item 4 until they reach their third, and final appeal. The Jail has a three appeal process and the response to the third appeal is the final decision.
>
> 6. If an inmate has an emergency, he or she may make an oral request to any member of the sheriff's staff. The sheriff staff member will immediately notify a supervisor who will investigate the emergency grievance. An emergency is anything that affects the immediate life, safety, or health of the inmate or the security and safety of the facility.
>
> 7. All grievances are tracked to ensure that (1) inmates grievances are answered; [and] (2) inmates have followed the rules regarding filing grievances and appeals.

Doc. 20-7 at 8.

Based on the undisputed evidence, the court finds that Steib failed to exhaust the administrative grievance procedure available at the Houston County Jail prior to filing this case. Specifically, Steib did not file a grievance challenging the action taken by jail personnel with respect to trimming his beard. Moreover, assuming *arguendo* that Steib's requests to the chaplain for information regarding the knowledge he and other jail personnel had of the *Holt* decision constituted initiation of the grievance procedure, Steib

did not appeal the responses provided by the chaplain to these requests. It is likewise undisputed that the facility's administrative remedy is no longer available to Steib because the time limit applicable to filing a grievance and appealing the responses has expired. Steib does not dispute his failure to exhaust the administrative remedy provided to him by the defendants while this remedy was available to him. Under these circumstances, dismissal with prejudice is appropriate. *Bryant*, 530 F.3d at 1375 n.1; *Johnson*, 418 F.3d at 1157; *Marsh v. Jones*, 53 F.3d 707, 710 (5th Cir. 1995) ("Without the prospect of a dismissal with prejudice, a prisoner could evade the exhaustion requirement by filing no administrative grievance or by intentionally filing an untimely one, thereby foreclosing administrative remedies and gaining access to a federal forum without exhausting administrative remedies."); *Berry v. Kerik*, 366 F.3d 85, 88 (2nd Cir. 2004) (footnotes omitted) (holding that an inmate's federal lawsuits are "properly dismissed with prejudice" where previously available administrative remedies had become unavailable).

## IV. CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that:

1. The defendants' motion to dismiss be GRANTED to the extent the defendants seek dismissal of this case due to the plaintiff's failure to properly exhaust an administrative remedy previously available to him at the Houston County Jail prior to initiating this cause of action.

2. This case be DISMISSED with prejudice in accordance with the provisions

of 42 U.S.C. § 1997e(a) for the plaintiff's failure to properly exhaust an administrative remedy before seeking relief from this court.

3.   No costs be taxed herein.

The parties may file objections to this Recommendation on or before **December 27, 2016**.  A party must specifically identify the factual findings and legal conclusions in the Recommendation to which the objection is made.  The parties are cautioned that frivolous, conclusive, or general objections will not be considered.  Failure to file written objections to the Magistrate Judge's findings and recommendations in accordance with the provisions of 28 U.S.C. § 636(b)(1) shall bar a party from a *de novo* determination by the District Court of legal and factual issues covered in the Recommendation and waives the right of the party to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. 11th Cir. R. 3-1; *see Resolution Trust Co. v. Hallmark Builders, Inc.*, 996 F.2d 1144, 1149 (11th Cir. 1993); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989).

DONE this 13th day of December, 2016.

                                               /s/ Gray M. Borden
                                   UNITED STATES MAGISTRATE JUDGE